UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RAYQUAN DWIGHT HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:17-cv-00212-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner Of Social Security, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Rayquan Dwight Harper seeks judicial review of an administrative decision of the Commissioner of Social Security, which denied his claim for disability insurance benefits. Mr. Harper brings this action pursuant to 42 U.S.C. § 405(g), alleging various errors on the part of the ALJ considering the matter. The Court, having reviewed the record and for the reasons set forth herein, will **DENY** Mr. Harper's Motion for Summary Judgment and **GRANT** the Commissioner's.

**I**

**A**

Plaintiff Rayquan Dwight Harper initially filed an application for Title II disability insurance benefits on June 16, 2014, alleging disability beginning on January 31, 2011. [Transcript (hereinafter, "Tr.") 75.] Mr. Harper's claim was initially denied on August 28, 2014, at which time he requested reconsideration. *Id*. On January 5, 2015, he filed a request for a hearing, which was held on July 28, 2016. *Id*. On August 30, 2016, Administrative Law Judge Tommye C. Mangus returned an unfavorable decision for Mr. Harper. *Id*. at 72. He requested

review from the Appeals Council who denied this request. *Id.* at 1.

To evaluate a claim of disability for Title II disability insurance benefit claims, an ALJ conducts a five-step analysis. *Compare* 20 C.F.R. § 404.1520 (disability insurance benefit claim) *with* 20 C.F.R. § 416.920 (claims for supplemental security income).[1] First, if a claimant is performing a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, he does not have a severe impairment and is not "disabled" as defined by the regulations. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is "disabled." C.F.R. § 404.1530(d). Before moving on to the fourth step, the ALJ must use all of the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assess an individual's ability to perform certain physical and metal work activities on a sustained basis despite any impairment experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545.

Fourth, the ALJ must determine whether the claimant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

Through step four of the analysis, "the claimant bears the burden of proving the existence

---

[1] For purposes of a disability insurance benefits claim, a claimant must show that his impairments were disabling prior to the date on which his insured status expired. 20 C.F.R. § 404.131. Beyond this requirement, the regulations an ALJ must follow when analyzing Title II and Title XVI claims are essentially identical. Hereinafter, the Court provides primarily the citations to Part 404 of the relevant regulations, which pertain to disability insurance benefits. Parallel regulations for supplemental security income determinations may be found in Subpart I of Part 416.

and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner to identify a significant number of jobs that accommodate the claimant's profile, but the claimant retains the ultimate burden of proving his lack of residual functional capacity. *Id.*; *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

At the outset of this case, the ALJ determined that Mr. Harper last met the insured status requirements of the Social Security Act on June 30, 2012. Tr. 77; *see also* 20 C.F.R. § 404.131. Then, at step one, the ALJ found Mr. Harper did not engage in substantial gainful activity from the period between the alleged disability onset date, January 31, 2011, through his date last insured, June 30, 2012. Tr. 77. At step two, the ALJ found Mr. Harper to suffer from borderline to low average intellectual functioning and a history of right femur fracture. *Id.* At step three, the ALJ determined that he did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for twelve consecutive months. *Id.* The ALJ determined that Mr. Harper did not have a severe impairment or combination of impairments. *Id.* Accordingly, the ALJ found that Mr. Harper was not disabled at any time between January 31, 2011, and June 30, 2012, pursuant to 20 C.F.R. §§ 404.1520. *Id.* at 82. Mr. Harper filed this action for review on July 28, 2017. [R. 1.]

**B**

The Court's review is generally limited to whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Shelman v. Heckler*, 821 F.2d 316, 319–20 (6th Cir. 1987). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

To determine whether substantial evidence exists, courts must examine the record as a whole. *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## II

Mr. Harper presents two arguments to this Court as grounds for relief from the ALJ's unfavorable decision. Specifically, he argues (1) the ALJ incorrectly found that he did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months and (2) the determination was not supported by substantial evidence. [R. 11-1 at 2.] For the reasons set forth below, Mr. Harper's arguments do not warrant a reversal of the ALJ's determination.

**A**

First, Mr. Harper argues that the ALJ incorrectly found that there was no evidence of an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for twelve consecutive months. [R. 11-1 at 8.] Mr. Harper agrees that few medical records exist regarding the time period of alleged disability, but he argues the medical records from 2003 and 2005 should be sufficient to establish an impairment. *Id.* at 8–9.

However, Mr. Harper bears the burden of proving that these impairments, or combination of impairments, were "severe" during the relevant period. *See* 20 C.F.R. §§ 404.1512(a), 404.1520(c); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Mere presence of a determinable impairment is insufficient to prove that such impairment is "severe;" the plaintiff must establish that the impairment significantly limited his "physical or mental ability to do basic work activities." *See* 20 C.F.R. § 404.1521(a).

In regard to his borderline to low average intellectual functioning, Mr. Harper provided some treatment records from 2005–2007. Tr. 79. He also included results of a psychological examination with Robert Spangler, Ed.D., on June 24, 2016, and evidence of treatment for bipolar disorder in 2015. *Id.* However, the records from 2015–2016 were for treatment *after* the relevant period under consideration, and evidence of such disability after the expiration of the relevant time period does not establish disability during the relevant time period. *Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260, 264 (6th Cir. 1988). Furthermore, the ALJ notes that Mr. Harper acknowledged working between 2004 and 2011, suggesting that the diagnosed conditions from 2005 to 2007 did not impact his abilities to perform basic work-related activities. Tr. 80. As to Mr. Harper's alleged leg impairment, he provided medical records form 2015, well after the relevant time period. Tr. 79–80. While these records suggest a prior leg

fracture, the records do nothing to prove an impairment during the relevant time period. The mere diagnosis of these conditions does not prove that Mr. Harper "suffered from more than slightly or minimally impairing ailments" before his coverage lapsed in 2012. *See Higgs*, 880 F.2d at 863. The ALJ is not required to defer to assumptions unsubstantiated by medical evidence. *Miller v. Sec'y of Health & Human Servs.*, 843 F.2d 221, 224 (6th Cir. 1988). Therefore, the ALJ's finding that no evidence established an impairment or combination of impairments that significantly limited Mr. Harper's ability to perform basic work-related activities for twelve consecutive months does not warrant reversal.

**B**

Next, Mr. Harper claims that the ALJ's finding that he was not disabled is not supported by substantial evidence. [R. 11-1 at 11–12.] He points to records this Court addressed below from before and after the relevant disability time period. *Id*. at 12. However, as stated previously, Mr. Harper bears the burden of proving these impairments were severe. *See* 20 C.F.R. §§ 404.1512(a), 404.1520(c); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). The ALJ is not required to assume that a diagnosis prior to the relevant period constitutes a severe disability years later. *Miller v. Sec'y of Health & Human Servs.*, 843 F.2d 221, 224 (6th Cir. 1988).

Furthermore, even if substantial evidence supports the opposite conclusion, a reviewing Court must affirm the Commissioner's decision if the decision is supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999). Mr. Harper provided evidence of diagnoses in 2005 and 2007 that would establish a mental impairment, but the ALJ determined that his work history after these

6

diagnoses demonstrated that these impairments were not severe enough to preclude him from work. Tr. 80. The ALJ considered Mr. Harper's records and determined that the evidence was insufficient to establish a "severe impairment" between January 31, 2011, and June 30, 2012. If the ALJ's decision is supported by substantial evidence, it must be affirmed even if the Court would decide the matter differently and even if substantial evidence also supports the opposite conclusion. *Her*, 203 F.3d at 389–90. Here, the ALJ's decision is supported by the analysis of Mr. Harper's medical records and timing of work history, and thus does not permit remand. Summary judgment in favor of the Commissioner must, therefore, be granted.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Rayquan Dwight Harper's Motion for Summary Judgment [**R. 11**] is **DENIED**, but the Commissioner's Motion for Summary Judgment [**R. 13**] is **GRANTED**. Judgment in favor of the Commissioner will be entered promptly.

This the 27th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge